IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

IN RE:                                                )
                                                      )    Case No. 16-15403
Chicagoland's Medical Services Organization LLC,)    Chapter 7
an Illinois liability company,                        )    Judge Timothy A. Barnes
                                                      )
       Debtor/Debtor-in-Possession.                   )

## NOTICE OF MOTION

TO:    ATTACHED SERVICE LIST:

PLEASE TAKE NOTICE that on the 13th day of February, 2018 at 10:00 a.m. or as soon thereafter as counsel can be heard, I shall appear before the Honorable Timothy A. Barnes, Bankruptcy Judge, in the room usually occupied by him as courtroom 744 in the United States Bankruptcy Court in the Everett McKinley Dirksen Federal Building, 219 South Dearborn Street, Chicago, Illinois, or before any other Judge who may be sitting in his place and stead and shall present the **Motion For Final Allowance of Compensation and Reimbursement of Expenses to Trustee's Special Counsel**, a copy of which is attached hereto and herewith served upon you, and shall pray for the entry of an Order in compliance therewith.

AT WHICH TIME and place you may appear if you so see fit.

/s/Jeffrey C. Dan
Crane, Simon, Clar & Dan
135 S. LaSalle St., Suite 3705
Chicago, Illinois 60603
(312) 641-6777

## CERTIFICATE OF SERVICE

The undersigned, being first duly sworn on oath deposes and states that a copy of the foregoing Notice and Motion was caused to be served via First Class Mail properly addressed and postage prepaid to all parties with an asterisk (*) on January 19, 2018, and a copy of the Notice regarding the fee hearing was served upon all parties on the attached service list, on the 19th day of January, 2018.

/s/Jeffrey C. Dan

## SERVICE LIST

United States Trustee *
Dirksen Federal Building
219 South Dearborn Street, Suite 873
Chicago, IL 60604

Paul B. Porvaznik, Esq.*
Gini S. Marziani, Esq.
Davis McGarth LLC
125 S. Wacker Dr., Suite 1700
Chicago, IL 60606

Charles S. Stahl, Jr. *
Swanson Martin & Bell LLP
2525 Cabot Drive, Suite 204
Lisle, IL 60532

Karen J Porter *
Porter Law Network
230 West Monroe
Suite 240
Chicago, IL 60606

Stephen J. Rosenfeld *
Mandell Menkes LLC
1 N. Franklin Ste 3600
Chicago, IL 60606

Timothy R. Casey, Esq.*
Daniel J. Delaney, Esq.
Drinker Biddle & Reath LLP
191 N. Wacker Dr., Suite 3700
Chicago, IL 60606

Ronald L. Sandack*
Gaido & Fintzen
30 N. LaSalle St., Suite 3010
Chicago, IL 60602

Alta Staff
Elizabeth Parks, Accts Rcv
PO Box 204653
Dallas, TX 75320-4653

Amercian Express
PO Box 0001
Los Angeles, CA 90096-8000

AT&T - High Speed Internet
PO Box 5014
Carol Stream, IL 60197-5014

Availity
James Bonney, Controller
740 E Cambell Road Ste 1000
Richardson, TX 75081

BlueCross BlueShield of Illinois
300 East Randolph Street
Chicago, IL 60601

CONCORD
PO Box 864
Seattle, WA 98111

Damon and Amanda Morse
1251 Wind Energy Pass
Batavia, IL 60510

Genova Consulting Real Estate Services
Alex Genova, Prinipal
PO Box 2366
Ottawa, IL 61350

Illinois Department of Revenue
100 W. Randolph St.
Legal Services M/C 7-900
Chicago, IL 60601

Intuit
2700 Coast Ave.
Mountain View, CA 94043-1140

IRS/Special Procedures Branch
230 S. Dearborn, #3030A
Attn: STOP 5010-CHI
Chicago, IL 60604

Kforce
Darlene Culotta
PO Box 277997
Atlanta, GA 30384-7997

Konica Minolta Business Services
Lou Hafencher, Sr. Account Exec
DEPT. CH 19188
Palatine, IL 60055

Konica Minolta Premier Finance
1310 Madrid St
Marshall, MN 56258

Lake Forest Bank (Line of Credit)
Attn: Katherine Wiswald
1949 St. Johns Ave.
Highland Park, IL 60035

Local Ad Track
1570 Southgate Road
Bartlett, IL 60103

Managed Care Staffers
Christopher Jepsen
2604 Dempster Street, Ste 305
Park Ridge, IL 60068

Marc Realty
Jim Stouffer - Lease Admin
55 East Jackson Blvd, #500
Chicago, IL 60604

MCG
Kevin Murphy, Accounts Receivable
901 Fifth Ave Ste 2000
Seattle, WA 98164

Medvision - QuickCap
Attn: Dan Rukavina
3233 Arlington Heights Rd., #307
Arlington Heights, IL 60004

Microdyne Medical Systems
William Voss
11405 N. Pennsylvannia St., #109
Carmel, IN 46032

Microsoft 365
Microsoft Service Company
Las Vegas, NV 89119

Nixon Peabody LLP
Joe Hallowell, Finance Analyst
70 West Madison, Suite 3500
Chicago, IL 60602

Paul Provaznik
David McGrath LLC
125 S. Wacker Dr., Suite 1700
Chicago, IL 60606

Pitney Bowes
2225 American Drive
Neenah, WI 54956

Professional Practice Consultants, Inc.
Sandy Anderson
760 Village Center Drive, Suite 240
Burr Ridge, IL 60527

Proshred
Patrick Keable
7700 Graphics Dr
Tinley Park, IL 60477

Purchase Power - PB
PO Box 371874
Pittsburgh, PA 15250-7874

Purdum Gray Ingledue Beck
Beau J. Ingledue
215 E Jackson
Macomb, IL 61455

Raxity
Tim Horstman
1585 Beverly Ct Ste 108
Aurora, IL 60502

Raxity, Inc.
c/o Paul B. Porvaznik
Davis McGrath LLC
125 S. Wacker Drive, Suite 1700
Chicago, Illinois 60606

Syncrony Bank
PO Box 960013
Orlando, FL 32896

Tora Printing
Tom Geiser
1500 N Greenview Ave
Chicago, IL 60642

Verizon Wireless
600 Coolidge Dr.
Folsom, CA 95630-3155

WCEDI
Brendan Friar, President
4250 Veterans Memorial Hwy #301
Holbrook, NY 11741

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | Case No. 16-15403 |
| Chicagoland's Medical Services Organization LLC, ) | Chapter 7 |
| an Illinois liability company, ) | Judge Timothy A. Barnes |
| ) | |
| Debtor/Debtor-in-Possession. ) | |

**NOTICE OF HEARING ON MOTION FOR FINAL ALLOWANCE OF
COMPENSATION AND REIMBURSEMENT OF EXPENSES
TO TRUSTEE'S SPECIAL COUNSEL AND FOR RELATED RELIEF**

**TO ALL CREDITORS AND PARTIES IN INTEREST:**

PLEASE TAKE NOTICE that on January 19, 2018, Crane, Simon, Clar & Dan, special counsel for the Trustee, filed a Motion for Final Allowance of Compensation and Reimbursement of Expenses (the "CSCD Motion"), requesting the sum of $34,540.00 for legal services rendered to the Trustee for the period commencing June 15, 2016 through and including December 22, 2017, plus costs advanced for the same period in the sum of $1,717.26.

PLEASE TAKE FURTHER NOTICE that any person objecting to the CSCD Motion, is directed to file their objection(s) in writing with the Clerk of the United States Bankruptcy Court, 219 South Dearborn Street, Chicago, Illinois 60604, on or before the hour of 4:30 p.m., on the **9th day of February, 2018**, with a copy of said objection(s) to be simultaneously served upon Jeffrey C. Dan, Crane, Simon, Clar & Dan, 135 South LaSalle, Suite 3705, Chicago, Illinois 60603.

PLEASE TAKE FURTHER NOTICE that a hearing on the CSCD Motion, together with objections timely filed, if any, will be held before the Honorable Timothy A. Barnes, Bankruptcy Judge, Courtroom No. 744, 219 South Dearborn Street, Chicago, Illinois, on the **13th day of February, 2018, at the hour of 10:00 a.m.**, at which time and place you may appear if you so see fit.

DATED: January 19, 2018

**DEBTOR'S COUNSEL**:
Arthur G. Simon, Esq.(Atty. No. 03124481)
Jeffrey C. Dan, Esq. (Atty. No. 06242750)
Crane, Simon, Clar & Dan
135 South LaSalle Street, Suite 3705
Chicago, IL 60603
TEL: (312) 641-6777 FAX: (312) 641-7114
W:\Jeff\CMSO\Pay Fee CSCD.Final.NOT.wpd

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | Case No. 16-15403 |
| Chicagoland's Medical Services Organization LLC,) | Chapter 7 |
| an Illinois liability company, ) | Judge Timothy A. Barnes |
| ) | |
| Debtor/Debtor-in-Possession. ) | |

## COVER SHEET FOR APPLICATION FOR
## PROFESSIONAL COMPENSATION

Name of Applicant: <u>CRANE, SIMON, CLAR & DAN, Trustee's Special Counsel</u>

Authorized to Provide
Professional Services to: <u>Joseph Baldi, Trustee of Chicagoland's Medical Services Organization, LLC</u>

Date of Order
Authorizing Employment: <u>June 28, 2016</u>

Period for Which Compensation
is Sought:  From: <u>June 15, 2016</u>  through <u>December 22, 2017</u>

Amount of Fees Sought: <u>$34,540.00</u>

Amount of Expense
Reimbursement Sought: <u>$1,717.26</u>

This is a(n):  Interim Application ___    Final Application <u>X</u>
If this is not the first Application filed herein by this professional, disclose as to all prior fee applications:

| Date Filed | Period Covered | Total Requested (Fees and Expenses) | Total Allowed |
|---|---|---|---|
| 9/21/2016 | 5/1/16 - 6/14/16 | $98,343.71 | $98,343.71* |

*Prior fee application was as counsel to the Debtor.

The aggregate amount of fees and expenses paid to the Applicant to date for services rendered and expenses herein is: **Debtor's Counsel received a pre-petition advance payment retainer from the Debtor in the amount of $40,000.00, for its representation of Debtor in the Chapter 11 case.**

                                        Jeffrey C. Dan and the law firm of
                     Applicant: <u>Crane, Simon, Clar & Dan</u>

                                  By: <u>/s/Jeffrey C. Dan</u>
                       T     Trustee's Special Counsel

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | Case No. 16-15403 |
| Chicagoland's Medical Services Organization  LLC,) | Chapter 7 |
| an Illinois liability company, ) | Judge Timothy A. Barnes |
| ) | |
| Debtor/Debtor-in-Possession. ) | |

**MOTION FOR FINAL ALLOWANCE OF COMPENSATION AND
REIMBURSEMENT OF EXPENSES TO TRUSTEE'S SPECIAL COUNSEL**

Jeffrey C. Dan and the law firm of Crane, Simon, Clar & Dan ("CSCD"), Counsel to Joseph A. Baldi, Trustee herein, make their Motion pursuant to Section 330 of the Bankruptcy Code for Final Allowance of Compensation and Reimbursement of Expenses for legal services rendered and expenses incurred during the period June 15, 2016, through December 22, 2017; and in support thereof, state as follows:

**Introduction**

1. On March 5, 2016, the Debtor filed its voluntary petition for relief under Chapter 11 of the Bankruptcy Code ("Petition Date").

2. The Debtor operated its business and managed its financial affairs as Debtor-in-Possession through June 14, 2016, the date on which the Debtor's Chapter 11 case was converted to a proceeding under Chapter 7 of the Bankruptcy Code.

3. Joseph A. Baldi ("Trustee") was appointed Trustee and continues to serve in that capacity.

4. On June 28, 2016, this Court entered an Order authorizing the Trustee to retain

1

Crane, Heyman, Simon, Welch & Clar[1], as his Special Counsel in this bankruptcy case, to collect and recover property of the estate and pursue litigation on behalf of the estate, with compensation subject to the further Order of this Court.

5. By this Motion, CSCD requests a final allowance of compensation and reimbursement of expenses in the amounts of $34,540.00 and $1,717.26, respectively, for legal services rendered to the Trustee and this estate during the period June 15, 2016, through December 22, 2017. Itemizations of the legal services rendered and expenses incurred during the relevant period are attached to this Motion as **Exhibits A and B**, respectively.

6. CSCD received one prior allowance of interim compensation and expenses as Debtor's Counsel in the Chapter 11 case, for work prior to conversion to Chapter 7. CSCD was allowed interim compensation in the amount of $95,118.00 and expenses in the amount of $3,225.71. The pre-petition retainer of $40,000.00 received by CSCD was applied by CSCD to the prior allowance of interim compensation and expenses awarded by this Court.

7. This Court has jurisdiction over this matter pursuant to 28 U.S.C. Sections 157 and 1334. This matter is a "core" proceeding within th meaning of 28 U.S.C. Section 157(b)(2)(A) and (O).

8. The statutory predicates for the relief requested in this Motion are Section 330 of the Bankruptcy Code, Rules 2002(a) and 2016(a) of the Federal Rules of Bankruptcy Procedure and Rule 5082-1 of the Local Rules of this Court.

---

[1] Crane, Heyman, Simon, Welch and Clar changed its name to Crane, Simon, Clar and Dan in November, 2017. The firm was previously employed to represent the Debtor in its Chapter 11 case.

**Relevant Background**

9. The Debtor was a corporation organized and in good standing under the laws of the State of Illinois and which operated its business from 4415 West Harrison Street, Suite 503, Hillside, Illinois 60162.

10. The Debtor provided management and administrative services to health care organizations and providers, including individual physicians, physician networks, hospitals, and insurance companies. The Debtor processed and paid medical claims on behalf of its clients, administered benefit contracts for its clients, approved physician referrals, and stored and managed its clients' patient health information ("PHI Data"). In providing its services to its clients, the Debtor had to comply with the Health Insurance Portability and Accountability Act ("HIPAA"). The Debtor enabled its clients to manage medical claims and provide quality healthcare to patients throughout the Chicagoland area.

11. Beginning in 2014, the Debtor and Raxity, Inc. ("Raxity") entered into a series of agreements, some of which were in writing and some of which were oral, wherein Raxity would provide telephone and cloud-based data storage services to the Debtor in exchange for payment thereof. All of the PHI Data, which was constantly evolving as it was updated in real-time by insurance companies, customer service agents in contact with patients, and medical service providers, was stored by Raxity on these cloud-based servers. Importantly, under the agreements with Raxity and the specific agreements between the Debtor and its clients, both the Debtor and its clients were to be provided with unrestricted access to the PHI Data. Notably, under its agreements with the Debtor, Raxity had also agreed to be bound by the provisions of HIPAA.

12. The Debtor also stored its numerous business records relating to all aspects of the

operation of its business ("Business Records") on the cloud-based servers provided by Raxity.

13. Beginning in approximately August 2015, disputes arose between the Debtor and Raxity concerning the invoices being submitted by Raxity to the Debtor for payment for the above-described services. While the Debtor was attempting to resolve the billing issues with Raxity, the Debtor continued making payments to Raxity.

14. On or about April 14, 2016, while the parties were discussing settlement of the disputes between them, Raxity abruptly terminated access to the Debtor and its clients to the PHI Data as well as the Debtor's access to its Business Records. Thereafter, on or about April 21, 2016, Raxity restored access to the PHI Data <u>only</u> to the Debtor's clients but <u>not</u> internal operational access to such PHI Data to the Debtor.[2]

15. The Debtor's access to the PHI Data was essential to the continued operation of the Debtor's business and its efforts to reorganize. As a result of the termination of access by the Debtor to the PHI Data by Raxity, the Debtor was unable to process medical claims (which must be processed within 30 days, perform other critical health care functions such as approve physician referrals, manage individual benefits plans, or determine whether a procedure is medically necessary or within a patient's benefits contracts). The Debtor was effectively incapable of fulfilling its responsibilities under its contracts with its clients and otherwise complying with relevant provisions of HIPAA. Furthermore, the Debtor also did not have access to its Business Records and, therefore, was unable to conduct its business, including making payroll, performing required audits and fulfilling certain of its obligations under the Bankruptcy Code. This resulted in the need for the

---

[2] Prior to the Petition Date, Raxity also took steps preventing the Debtor's access to numerous email accounts. Moreover, after the Petition Date, Raxity terminated the Debtor's telephone services. Access to the email accounts and the telephone service were eventually restored.

4

Debtor to file its Chapter 11 case.

16. Shortly after the Petition Date, disputes arose between the Debtor and certain of its clients over the continuation of the Debtor's performance under the respective contracts. Simultaneously with these disputes, Lake Forest Bank & Trust Company ("Bank"), the Debtor's secured lender, withdrew its consent to the Debtor's continued use of cash collateral. With the disputes with certain of its clients, the Debtor was unable to generate sufficient cash flow to continue to fund its business operations (and defeat the Bank's objections to the continued use of cash collateral).

17. As a result, despite prevailing in its substantial efforts in restoring access to the PHI Data and Business Records, the Debtor had no choice but to convert its Chapter 11 case to a proceeding under Chapter 7 of the Bankruptcy Code on June 14, 2016 ("Conversion Date").

18. CSCD continued to assist the Trustee in the administration of the Chapter 7 case since the Conversion Date. This Court has entered an Order authorizing CSCD to serve as Special Counsel to the Trustee with respect to various litigation claims against Raxity and other former clients of the Debtor.

**Final Compensation**
**and Expenses Requested**

19. In this Motion, CSCD seeks an allowance of fees and expenses relating to legal services rendered to the Trustee and this estate since the Conversion Date.

20. CSCD is a law firm whose practice is almost exclusively concentrated in the fields of bankruptcy, reorganization and insolvency. CSCD is comprised of four (4) members, and one (1) "of counsel" attorney, some of whom have participated in representing the Debtor in this bankruptcy

case.

21.   The following is biographical information pertaining to those attorneys who have been primarily involved in the representation of the Debtor. Other attorneys at CSCD have also participated to a lesser extent in this Chapter 11 case. Each such attorney has significant experience and expertise in bankruptcy, reorganization and litigation matters.

22.   JEFFREY C. DAN is a member of the law firm and has been practicing law in the State of Illinois since 1997. He graduated from DePaul University School of Law. He has practiced as a trial attorney in a number of areas of the law including personal injury, domestic relations, criminal law and commercial litigation. Mr. Dan joined the firm in September of 2002 and has been actively involved in all aspects of bankruptcy litigation as well as State Court litigation that arises in insolvency matters. Mr. Dan is admitted to practice in the United States Court of Appeals for the Seventh Circuit and the Third Circuit, and the United States District Courts for the Northern and Central Districts of Illinois, Northern District of Indiana, and the Eastern District of Wisconsin, and is a member of the Federal Trial Bar. He has served as a member of the Illinois State Bar Association, Commercial, Banking and Bankruptcy Law Section Council. He has lectured at seminars relating to bankruptcy issues at the American Bankruptcy Institute and Chicago Volunteer Legal Services.

23.   DAVID K. WELCH is a former member of the law firm and has been practicing law in the State of Illinois since 1982. His practice has always been primarily concentrated in the fields of bankruptcy, insolvency and debtor's and creditor's rights. He has represented debtors, trustees, creditors' committees, secured creditors, unsecured creditors and equity holders. From October, 1979, through June, 1982, he served as Deputy Chapter 13 Trustee in the Northern District of Illinois

under Craig Phelps, Chapter 13 Trustee. He has authored manuscripts for the Illinois Institute of Continuing Legal Education on matters involving bankruptcy and insolvency. He has lectured at seminars relating to bankruptcy issues at the Chicago Bar Association. He has served as a member of the Bankruptcy Mediation Panel Sub-Committee of the Chicago Bar Association. Furthermore, in conjunction with his financial mediation and negotiation training, he has completed a course sponsored by the National Institute for Trial Advocacy in conjunction with Northwestern University. He is a member of the Federal Trial Bar and is admitted to practice before the United States Courts of Appeals for the Seventh and Third Circuits, and before the United States District Courts for the Northern and Central Districts of Illinois, the Northern District of Indiana and the Eastern District of Wisconsin. He is a member of several other bar associations and legal organizations. He was formerly a member of the Standing Committee of the Illinois State Bar Association on Liaison with the Attorney Registration and Disciplinary Commission. Mr. Welch is the former Chairman of the Chicago Bar Association Committee on Bankruptcy and Reorganization, is a former member of the Advisory Board of the American Bankruptcy Institute, and is the former Vice Chair of the Bankruptcy Court Liaison Committee.

24. The hourly rates usually charged by CSCD in matters of this nature are as follows:

| Attorney | Hourly Rates |
|---|---|
| Eugene Crane (EC)[3] | $510.00 |
| Arthur G. Simon (AGS) | $510.00 |
| David K. Welch (DKW) | $510.00 |
| Scott R. Clar (SRC) | $510.00 |
| Jeffrey C. Dan (JCD) | $445.00 |
| John H. Redfield (JHR) | $400.00 |

---

[3] These are the abbreviations utilized in the Exhibits to this Motion.

      Brian P. Welch (BPW)                      $325.00

25.    Pursuant to the retention agreement between CSCD and the Trustee, CSCD agreed to charge a reduced hourly rate of $200.00 per hour in addition to receiving twenty-five percent (25%) of any recovery obtained through settlement or trial.

26.    The following is a chart that depicts the total hours that each attorney at CSCD expended in representing the Debtor during the relevant period:

| Attorney | Hours | Amount |
|---|---|---|
| David K. Welch | 32.00 | $ 6,400.00 |
| Jeffrey C. Dan | 64.40 | $ 12,880.00 |
| Brian P. Welch | 6.30 | $ 1,260.00 |
| **Total** | **102.70** | **$20,540.00** |

27.    The amounts recovered by CSCD for the estate total $56,000.00, from three settlements reached on behalf of the estate in the amounts of $30,000.00, $10,000.00 and $16,000.00. This results in additional fees to CSCD in the amount of $14,000.00, for a total amount of fees of **$34,540.00**.

28.    During the course of the representation of the Trustee during the relevant period, CSCD incurred expenses of $1,717.26. These expenses are itemized on **Exhibit B** to this Motion.

**Legal Services Rendered to the Trustee**

29.    The representation of the Trustee during the relevant period is categorized in this Motion as follows:

    A.    **General Transition**

        The matters in this category include assisting the Trustee during the transition of the administration of the estate from the Debtor to the Trustee and working with the Trustee to determine which

8

claims and litigation matters would be pursued by the Trustee. Included in this category are legal services related to court appearances, correspondence and meetings with the Trustee and the Debtor's representative regarding contract and customer matters, data transition, resolution of customer claims regarding turnover of data, termination of Debtor contracts, involvement in the filing of motions regarding retention and filing of fee motions.

**Total Time Expended**                                    **21.00 hours**

| Attorney | Hours | Amount |
|---|---|---|
| David K. Welch | 16.50 | $ 3,300.00 |
| Jeffrey C. Dan | 4.50 | $ 900.00 |
| **TOTAL** | **21.00** | **$ 4,200.00** |

Attached to this Motion as **Exhibit C** is an itemization of the legal services rendered in this category.

B) **Raxity Litigation**

The matters in this category include assisting the Trustee with the litigation against Raxity. Due to the interruption of the Debtor's access to its data in the cloud based storage managed by Raxity, the Debtor was unable to provide services to its customers and was forced to file the Chapter 11 Case. Among other litigation, the Debtor filed a motion to enforce the automatic stay against Raxity. On behalf of the Trustee, CSCD continued to pursue the litigation with Raxity, regarding damages to the Debtor due to the actions of Raxity. This included conducting extensive discovery of Raxity, including written and oral discovery and investigation into the limited resources of Raxity regarding its ability to pay a judgment. Also included in this category was the filing of motions and appearances in court regarding the status of the litigation and discovery with Raxity and the approval of the settlement that was reached with Raxity. Through consultation with the Trustee, it was determined it was in the best interests of this estate to resolve the claims with Raxity by entering into a settlement with mutual releases and a waiver of all claims between the parties, including a waiver of over $85,000 in claims Raxity held against the Debtor's estate, including an administrative claim.

**Total Time Expended**                                    **29.70 hours**

9

| **Attorney** | **Hours** | **Amount** |
|---|---|---|
| David K. Welch | 1.70 | $ 340.00 |
| Jeffrey C. Dan | 28.00 | $5,600.00 |
| **TOTAL** | **29.70** | **$5,940.00** |

Attached to this Motion as **Exhibit D** is an itemization of the legal services rendered in this category.

    C)    **Collection Matters**

The matters in this category include pursuing three former customers of the Debtor regarding amounts owed to the Debtor for services provided to the customers and collection of incentive payments that were due to the Debtor based on success on its prior contracts. This work included drafting complaints against each of the customers, conducting informal discovery with the customers and negotiating settlements of the claims with the customers. CSCD prepared to file adversary complaints against Ravenswood Physician Associates, Innovative Physician Associates and Health Options of Illinois. The settlements were reached with these customers without the necessity of filing the adversary complaints. The settlements resulted in obtaining funds for the estate in the amount of $56,000.00. In addition, the settlements resulted in the waiver of claims filed against the estate in the approximate amount of $3,163,000 as well as other claims that the customers stated that they held that had not yet been filed.

| **Total Time Expended** | | **52.00 hours** |
|---|---|---|
| **Attorney** | **Hours** | **Amount** |
| David K. Welch | 13.80 | $2,760.00 |
| Jeffrey C. Dan | 31.90 | $6,380.00 |
| Brian P. Welch | 6.30 | $1,260.00 |
| **TOTAL** | **52.00** | **$10,400.00** |

Attached to this Motion as **Exhibit E** is an itemization of the legal services rendered in this category.

10

**Conclusion**

30. Other than as provided in Section 504(b) of the Bankruptcy Code, CSCD has not shared, nor agreed to share, any compensation received as a result of this case with any person, firm or entity. The sole and exclusive source of compensation shall be funds of the bankruptcy estate.

31. CSCD asserts that the compensation requested in this Motion is reasonable compensation for the actual and necessary legal services rendered based upon the time, nature, extent and value of such professional services. CSCD further asserts that the cost of legal services rendered for and on behalf of the Trustee is reasonable as it is much lower than the cost of similar services in matters other than under the Bankruptcy Code.

32. CSCD asserts that the expenses for which reimbursement is sought in this Motion are reasonable and were actual and necessary expenditures required in the representation of the Trustee.

33. CSCD submits that the compensation and expenses requested are fair, reasonable and warranted under the circumstances.

WHEREFORE, JEFFREY C. DAN and the law firm of CRANE, SIMON, CLAR & DAN, Debtor's Counsel, requests the entry of an Order allowing interim compensation and reimbursement of expenses in the amounts of $34,540.00 and $1,717.26, respectively; and granting such other relief as may be just and appropriate.

    Respectfully Submitted,

    JEFFREY C. DAN, and the law firm of CRANE, SIMON, CLAR & DAN

    By:   /s/Jeffrey C. Dan

**DEBTOR'S COUNSEL**:
Jeffrey C. Dan, Esq. (Atty. No. 06242750)
Crane, Simon, Clar & Dan
135 South LaSalle Street, Suite 3705
Chicago, IL 60603
TEL: (312) 641-6777 FAX: (312) 641-7114